

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL MAX MILLER, | CV 13–13–GF–DWM–RKS |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Michael Max Miller is a state prisoner. He petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Keith Strong recommends denying certain claims in the petition. (Doc. 25.) Miller filed objections to Judge Strong's Findings and Recommendation, (Doc. 36), and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews the Findings and Recommendations not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Because the parties are familiar with the factual and procedural background, it will not be restated here.

Miller does not specifically object to any of the analysis or conclusions included in Judge Strong's Findings and Recommendation; finding no clear error, the Court adopts these Findings and Recommendations in full. However, in his filing, Miller alleges that the prosecution made a statement during closing argument that may provide grounds for habeas relief that was not addressed by Judge Strong. While discussing the beer can with Miller's DNA on it, the prosecutor stated: "So what's the value of the can, Mr. Jensen? Your client lied. That's what it is. He didn't tell the truth." (Pet.'s Objs., Doc. 36 at 3; Pet., Doc. 1-2 at 55.) Miller contends this constituted an ad hominem attack that may have had an adverse affect on the outcome of Miller's trial and he should be allowed to pursue his claim that trial counsel was ineffective for failing to object to it.

As discussed in Judge Strong's Order of February 20, 2014, the prosecutor's closing argument is an issue in this case and the State was required to answer certain claims as to this issue. (Doc. 24 at 8-9.) Although not specifically mentioned in that order, the remarks discussed above fall within the same category as those addressed in the February 20, 2014 Order and must be addressed on the merits.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 25) are ADOPTED. The claims described in Parts IV.A and IV.B(1)-(13) are DENIED for lack of merit. The claim described in IV.B(14) is DENIED as an independent claim for federal habeas relief.

IT IS FURTHER ORDERED the State may file an amended answer that addresses the claim identified in this Order within twenty-one (21) days.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated this 4/ day of June, 2014.

Donald W. Molloy, District Judge
United States District Court