IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL MAX MILLER, | CV 13–13–GF–DWM–JTJ |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On February 6, 2013, Michael Max Miller filed a petition seeking a writ of

habeas corpus under 28 U.S.C. § 2254. On June 4, 2014, a majority of Miller's

claims were dismissed on the recommendation of Magistrate Judge Keith Strong.

(Docs. 25, 37.) Magistrate Judge John Johnston now recommends granting the

respondents' motion for summary judgment as to Miller's remaining claims.

(Doc. 67.) Miller objects. (Doc. 68.) Miller is entitled to *de novo* review of those

specific findings or recommendations to which he objects, 28 U.S.C. § 636(b)(1),

and those findings and recommendations not specifically objected to are reviewed

for clear error, *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656

F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a

1

"definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are familiar with the factual and procedural background, it will not be restated here.

Only three of Miller's claim remain: (1) ineffective assistance of appellate counsel for failing to challenge the sufficiency of the evidence on appeal; (2) ineffective assistance of trial counsel for failing to object during closing argument; and (3) ineffective assistance of trial counsel for failing to call a pharmacology expert. Judge Johnston concluded that all three claims are procedurally defaulted. *See Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012); *Strickland v. Washington*, 466 U.S. 668 (1984). Miller objects, insisting his claims are "substantial," excusing default under *Martinez*, and that he meets both prongs of *Strickland*, entitling him to relief on the merits. Miller is incorrect.

## LEGAL STANDARD

While a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987), inadequate assistance of post-conviction counsel or lack of counsel at initial collateral proceedings "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," *Martinez*, 132 S. Ct. at 1315, or on direct appeal, *Nguyen v. Curry*, 736 F.3d 1287,

2

1293 (9th Cir. 2013). This exception may be met in either case so long as: (1) the claim of ineffective assistance is "substantial"; (2) the "cause" consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding where the ineffective assistance of counsel claim could be brought; and (4) state law requires that an ineffective assistance of counsel claim be raised in an initial-review proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 1918, 1921 (2013).

As explained in Judge Johnston's Findings and Recommendation, prongs two, three, and four are satisfied here, (*see* Doc. 67 at 14), limiting the present dispute to whether Miller's claims are "substantial." To determine whether a claim is "substantial" for the purposes of procedural default, a court need only "conduct a preliminary assessment" of the petitioner's claim to determine whether it "has some merit," *Martinez*, 132 S. Ct. at 1318, "or is wholly without factual support," *Smith v. Ryan*, 823 F.3d 1270, 1296 (9th Cir. 2016) (quoting *Martinez*, 132 S. Ct. at 1319). A "substantial" claim is one that reasonable jurists would find debatable on the merits. *Martinez*, 132 S. Ct. at 1318 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). To establish ineffective assistance of counsel, Miller must

3

show that: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

Under the first prong of *Strickland*, an attorney's performance is reviewed against an objective standard of reasonableness. *Id.* at 687-88. Such review is "highly deferential" and must avoid "the distorting effects of hindsight." *Id.* at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* If a petitioner shows that counsel's performance was deficient, the second *Strickland* prong requires a showing of prejudice. *Id.* at 691. To satisfy this standard, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.*

## ANALYSIS

## I. Ineffective Assistance of Appellate Counsel

Miller alleges that appellate counsel rendered ineffective assistance by

4

failing to challenge the sufficiency of the evidence on appeal. Judge Johnston concluded that Miller failed to make a "substantial" showing under either prong of the *Strickland* test because counsel's decision not to raise the issue was neither objectively unreasonable nor prejudicial. Miller objects to both findings.

Miller must first show that his counsel was objectively unreasonable "in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discovery nonfrivolous issues and to file a merits brief raising them." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Miller fails to do so. Appellate counsel need not raise every nonfrivolous claim, "but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288. "The 'deference owed to strategic judgments' to pursue one trial strategy and not an alternative is 'defined in terms of the adequacy of the investigations supporting those judgments.'" *Bemore v. Chappell*, 788 F.3d 1151, 1165 (9th Cir. 2015) (alterations omitted) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)), *cert. denied*, 136 S. Ct. 1173 (2016); *see Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993) (explaining application to appellate counsel). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible

5

options are virtually unchallengeable." *Id.*

Appellate counsel initially identified the sufficiency claim as one that may be appropriate for appellate review, (Doc. 63-1 at 14-15), and prepared a draft of a sufficiency claim for potential inclusion in the direct appeal, but chose to abandon it upon further consideration, (*id.* at 105-13). In her deposition, counsel explained that she found the argument weak and that, in light of existing precedent, she believed there were stronger claims to be made on appeal. (*See* Doc. 63-1 at 25:9, 12-22; 27:7-9.) While Miller insists that the four arguments ultimately raised on appeal "had little chance for success," (Doc. 68 at 11), appellate counsel adequately investigated the sufficiency claim and made the tactical decision not to raise it on appeal. Her decision to do so was not objectively unreasonable, and Miller fails to meet the first prong under *Strickland*.

Even if appellate counsel's representation was deficient, Miller fails to show that but for counsel's failure to raise the issue, he would have prevailed in his appeal. *Smith*, 528 U.S. at 285. Despite the fact that the evidence in this case was entirely circumstantial, (*see* Doc. 14-9 at 44, Trial Tr. 744:2-5 (trial court asking "Do you have any evidence that connects Max Miller to this crime?" and investigating officer responding "Direct evidence, no."); Doc. 14-10 at 4, Trial Tr. 821-23 (trial court ruling on motion for directed verdict, noting that "This is a

6

circumstantial case.")), such evidence must be viewed in the light most favorable to the prosecution, *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. LaMere*, 67 P.3d 192, 195 (Mont. 2003), and can be sufficient to obtain a conviction, *State v. Clausell*, 22 P.3d 1111, 1117 (Mont. 2001); *see also* Doc. 67 at 22 (collecting Montana cases where circumstantial evidence sustained deliberate homicide convictions). Miller's arguments as to how the evidence could have been construed to the contrary is not persuasive under the law.[1] Miller's underlying claim is not substantial, therefore his procedural default cannot be excused under *Martinez*. 132 S. Ct. at 1317.

## II. Ineffective Assistance of Trial Counsel—Closing Argument

Miller further alleges that his trial counsel was ineffective for failing to object to two separate arguments made during the State's rebuttal closing argument: (1) that Miller "lied," (Doc. 14-10 at 40, Trial Tr. 964:22-24), and (2) that the jury would, if it acquitted Miller, condone a "recipe for murder" that would provide a "synopsis of how to commit murder and get away with it," (*id.* at 38, Trial Tr. 957:21-23). Miller insists that Judge Johnston's finding of "strategy" was actually post-hoc rationalization, not reasoned judgment. Because Miller's

---

[1] In fact, it appears that the jury directly considered whether it could rely entirely on circumstantial evidence, asking the trial court during deliberations "to give [them] a detailed description/define the word 'circumstantial evidence.'" (Doc. 14-10 at 43, Trial Tr. 975.)

argument is based solely on his assertion that these statements are "clearly objectionable," he fails to "rebut[] the presumption of strategy." *Marcum v. Luebbers*, 509 F.3d 489, 502-03 (8th Cir. 2007) (citing *Rompilla v. Beard*, 545 U.S. 374, 395-96 (2005) (O'Connor, J., concurring)). "[T]he failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct." *Cunningham v. Wong*, 704 F.3d 1143, 1159 (9th Cir. 2013); *see also United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993). Trial counsel explained that it was his practice not to object during closing argument, that his decision was based on his knowledge of how a similar objection was rejected by the Montana Supreme Court, and that he did not want to draw unwarranted attention to the comments. (*See* Doc. 57-2 at 15, Jensen Depo. 53-56, 59, 61-62; *see also* Doc. 57-3 at 15, Brown Depo. 55-57 (outlining numerous tactical reasons why an attorney may chose not to object in closing).)

Moreover, insofar as Miller's challenge is based on the failure to object to the prosecutor's comment that Miller "lied," the Montana Supreme Court rejected that argument on direct appeal. *See State v. Miller*, 218 P.3d 500, ¶ 30 (Mont. 2009) (table). Counsel's failure to object was therefore not deficient as the claim itself lacked merit. *United States v. Aguon*, 851 F.2d 1158, 1172 (9th Cir. 1988) (en banc) *overruled on other grounds Evans v. United States*, 504 U.S. 255

8

(1992).

Moreover, Miller makes no specific argument as to prejudice, merely asserting that "given the quantum and quality of the evidence, [the comments] likely had an adverse effect on the outcome of Miller's trial." (Doc. 68 at 14.) The defendant is required to affirmatively prove prejudice, *Strickland*, 466 U.S. at 692, or, at this stage, make a preliminary showing, *Smith*, 823 F.3d at 1296. He has not done so here. Miller fails to show either deficient performance or prejudice as to excuse his procedural default as to this claim.

## III. Ineffective Assistance of Trial Counsel—Pharmacology Expert

Finally, Miller alleges that trial counsel was ineffective in failing to call a pharmacology expert to challenge the testimony of Chris "Al" Johnson. As discussed above, strategic decisions, such as the choice of a defense or which witnesses or other evidence to present, "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690. Nevertheless, strategic decisions must be supported by reasoned judgment. *Kimmelman v. Morrison*, 477 U.S. 365, 384-86 (1986).

The record shows that trial counsel considered whether to call a pharmacology expert, had conversations with others in office about it, (Doc. 57-2 at 10, Jensen Depo. 34:20-25), and contacted more than one expert, (*see id.* at 19,

9

Jensen Depo. 70-71; Doc. 67 at 28-29 (discussing trial counsel's actions)). The

defense team obtained an expert opinion from Dr. James O'Donnell:

> OPINION
>
> 1. Mr. Johnson was intoxicated by alcohol and the combination of alcohol and Zyprexa and Seroquel on the afternoon of June 26, 2006. These impairments probably affected his memory, rendering his recollection of the events of the afternoon, and thus his testimony in the case, in doubt.
>
> 2. Alcohol impairs memory, alters perception, and clouds the sensorium. Zyprexa and Seroquel have similar toxicities. The combination of either Zyprexa or Seroquel is highly discouraged, and prescribing information for both medications warns of the combination, as well as several cognitive impairments similar to that of alcohol intoxication. . . .
>
> SUMMARY
>
> Chris Johnson was intoxicated and impaired on the afternoon of June 26, 2006. As a result of his intoxication and impairment, his memory is highly suspect and doubtful.

(Doc. 1-3 at 56-57 (footnote omitted)). Within the weeks leading up to trial the

defense team served noticed that they intended to call Dr. O'Donnell, (*see* Doc.

57-2 at 155-56), and authorized funding for an alternative pharmacology expert,

Doug Williams, (Doc. 57-2 at 59). However, the defense did not call a

pharmacology expert at trial.

Defense counsel offers a number of reasons for deciding not to call Dr.

O'Donnell or an alternative expert, including the belief that to do so would have

10

been contrary to the theory of the defense's case and that the defense did not want to call undue attention to Johnson's testimony. Both Jensen and Brown identified the defense's theory as one that all three men were greatly intoxicated that day and Windham simply fell from the cliff. (Doc. 57-2 at 7, Jensen Depo. 22:19-22; Doc. 57-3 at 6, Brown Depo. 20:7-9.) It is unclear how further discrediting Johnson would have undercut this theory, and Brown conceded in her deposition that showing Johnson was even more impaired could have helped because of how important he was to the State's case. (Doc. 57-3 at 16, Brown Depo. 59-61; *id.* at 9, Brown Depo. 30.) That said, Jensen indicated that he thought the inconsistencies in Johnson's recollection would come out through other testimony at trial and was concerned that "calling an expert would make it look like we were really concerned about Johnson's testimony, more so than others, you know." (Doc. 57-2 at 10, Jensen Depo 35:10-15.) While Brown said she likely would have called a pharmacological expert, she recognized that at the time she did not have the ability to make strategic decisions; those were left to Jensen. (Doc. 57-3 at 10-11, Brown Depo. 35:21-25; 39:17-20.) While Jensen's decision may be susceptible to Monday morning quarterbacking, it was nonetheless a tactical one. Trial counsel's informed strategic decision is therefore entitled to deference. *Strickland*, 466 at 690.

11

Even if counsels' performance were found deficient, Miller cannot show prejudice. The trial court denied Miller's motion to compel the production of Johnson's mental health records, (*see* Amend. Or., Doc. 14-13 at 64-87), and, on the morning of jury selection, limited Dr. O'Donnell's testimony to general impairment of perception and memory, not Johnson's impairment specifically.[2] (Doc. 14-7 at 4, Trial Tr. 15:9-21;16:17-21.) As a result, the potential area of testimony open to an expert in this area was severely circumscribed. In light of the evidence that was presented to the jury, Miller fails to show that such limited expert testimony would have "undermine[d] confidence in the outcome." *Strickland*, 466 U.S. at 694. On the stand, Johnson testified that he was taking Zyprexa and had been taking it six days prior to June 26, 2006. (Doc. 14-8 at 46, Trial Tr. 514.) He further testified that he knew he was not supposed to mix his medications with alcohol. (*Id.* at 513-15, 530-32.) The inconsistencies in Johnson's statements were also discussed in the cross of Detective Phillips, (*see* Doc. 14-9 at 40, Trial Tr. 728-29: *id.* at 43, Trial Tr. 741-42), and defense counsel specifically mentioned in closing that "the State themselves elicited that [Johnson]

---

[2] Miller received a letter after trial from Dr. O'Donnell stating that the doctor did "not know why [he] was not called as a witness at [] trial" and "had [he] been called, [he] would have testified to the content of [his] report and the attached pharmacology documents. (Doc. 1-4 at 7 (Mar. 25, 2010 letter).) However, pursuant to the trial court's rulings, Dr. O'Donnell's opinion would have been greatly limited.

was on medication, that he was not supposed to be drinking at the time, and that he is bipolar," (Doc. 14-10 at 36, Trial Tr. 950:1-4). The defense further stated in closing: "I submit to you you should exclude Mr. Johnson's testimony for all the things that he is saying that are inconsistent with what he told the detectives a year before." (*Id.* at 38, Trial Tr. 955:10-13.) The fact that Dr. O'Donnell did not testify did not prevent Miller from introducing evidence from which jurors could appropriately draw inferences about Johnson's credibility and reliability. Because this underlying claim is not substantial, Miller's procedural default cannot be excused under *Martinez*. 132 S. Ct. at 1317.

## IV.  Certificate of Appealability

Miller does not object to the denial of a certificate of appealability. While Judge Johnston correctly concluded that Miller has not established a basis to set aside his procedural default, (*see* Doc. 67 at 32), the unprofessional, egregious, and inappropriate statements made in the State's rebuttal closing argument are of such a nature that reasonable jurists could "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. 322, 327 (2003). As a general rule, a prosecutor may not express his belief in the credibility of state witnesses. Yet, the prosecutor violated that general rule in this case through personal assurances of credibility of state witnesses in a

circumstantial prosecution. Accordingly, Judge Johnston's Findings and Recommendation is modified to the limited extent that a certificate of appealability will be granted as to the Second Issue. A certificate of appealability is denied as both Issues One and Three.

CONCLUSION

Miller's claims alleging ineffective assistance of counsel are procedurally defaulted, *Martinez*, 132 S. Ct. at 1317, and, even if they were addressed on the merits, Miller fails to show ineffective assistance of either appellate or trial counsel. *Strickland*, 466 U.S. at 687. The respondents are entitled to summary judgment. Accordingly,

IT IS ORDERED that the Findings and Recommendation of Judge Johnston (Doc. 67) is ADOPTED to the extent it is consistent with this Order.

IT IS FURTHER ORDERED that the respondents' motion for summary judgment (Doc. 56) is GRANTED. Miller's petition (Doc. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter, by separate document, a judgment in favor of the respondents and again the petitioner.

IT IS FURTHER ORDERED that Miller's motion to amend (Doc. 65-1) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is

14

GRANTED as to Issue Two and DENIED as to the remaining issues..

DATED this 22nd day of November, 2016.

Donald W. Molloy, District Judge
United States District Court